4. Liberty v. City of Chicago Michael Robinson Thank you, Mr. Robinson. Mr. Enriquez. Mr. Enriquez, was there evidence as to the identity of other officers involved in the shooting or the investigation that was withheld within the limitations period that had that information been revealed would have allowed the plaintiff to include additional named defendants in a timely fashion? I certainly don't know, and there's nothing in the record to indicate whether there were any other officers involved. Certainly no officers involved in the shooting itself. The only two officers were the officers who were named in the two TRRs that were submitted to the other side. There's no indication that there were any other officers involved in that aspect of the case. Obviously, during later investigations, other officers may have shown up, but there's no indication that there was any other officers involved. Do you know at what point in time the city fully complied with all requests for the identities of potential defendants, or if it ever did? Well, let me mention one thing. A week after the complaint was filed, the other side filed a subpoena with the caption of this case. Obviously, there was not yet a Rule 26F conference under Rule 26F and wouldn't be required for many weeks. Nevertheless, we ended up submitting, gratuitously, the two TRRs to the other side. For one reason or another, and I have no idea why, they waited until the limitations period passed. We submitted, we gave those two TRRs within the limitations period. The limitations period then passed, then they filed the amended complaint naming only those two officers in the city as defendants. So their theory seems to be, though, that even though perhaps those two officers were the most directly involved, there were other officers standing around who would have been potentially responsible, whether because they were in some supervisory position, in a position to intervene, or, you know, I mean, there are various theories that you see in these cases. So not just mere witnesses, actually other officers who might have been responsible. So how would you even know if you haven't even looked in the city's records to this day whether that's true or not? They've asked you to turn things over. The city didn't say when it sent the two TRRs over that this is everything, you know, we are hereby certifying that we've done a careful search of the records and this is it, you know, are the kinds of things you might say if you really have done that. It's a, one gets the feeling the city is stonewalling. The, when the amended complaint was filed, they added or substituted for the unknown officers. Right. But they significantly dropped any reference to the unknown officers. At that point. Well, they probably thought they were too late at that point. You know, I mean, obviously statutes of limitations protect individuals. And so they might have thought, you know, John Smith, you know, whoever is going to have an iron clad, you sued me too late defense. I'm not sure if that's true or not. You know how to do rule 15 relation back. I'm sure as well as anybody, but maybe that's what they thought. Well, we don't know what they thought. What we do know is that they dropped whatever claims they had against those officers at the time. And of course, at that point, there was no reason for us to go looking through documents to find out whether there might be other other officers because their complaint, they chose to against the defendants. They chose to file the action against officers. Palazzolo and Zell and the city were the only ones in that document. Had they had they mentioned the unknown officers. Then, of course, once the rule 26 conference was held, and it never was held in this case, then the obligation for us to comply with discovery in the case, including coming up with other officers names, if there were any, would have been triggered. At that point, if there were other officers, then they could have amended again to add those officers as defendants and then argued against our motion to dismiss based on limitations period as to those officers that somehow or another they were saved by one of the two documents, either equitable tolling or equitable estoppel. But once they did not have any reference in their amended complaint to the unknown officers, there was no reason for us to go on a goose chase looking for documents that were no longer necessary. We were focused solely at that point on dismissing the case as to the defendants who were in the case. There were no other defendants in the case at that time. What's your response, quickly, to their argument that in the course of these settlement discussions or whatever the discussions were that were going on, the city conveyed the message that it wasn't going to stand on the statute of limitations? There's nothing in the record to suggest that that's so at all, not even in Mr. Mulroney's declaration. Certainly, there's no authorization for attorneys for the city to say we're going to waive the limitations period in a case, and we would have no reason to do so. Certainly, in a case like this, we would insist upon pursuing any defenses that we had. There's just simply nothing to the allegation, and the record doesn't support any suggestion that we would have waived the limitations period. And some vague reference of implying, there's no suggestion there's even an implication, much less what would certainly be required here, which would be some specific statement that we would waive it in order to get past the doctrine of equitable estoppel, in which it had to be waived. If there are no further questions. No, apparently not. Thank you very much. We request the court to affirm. All right. I think you've got a little bit of time, Mr. Robinson, so I invite you to use it. Thank you. Your Honor, Judge Wood mentioned that the city appears to have been stonewalling, and that's exactly what was the case here. In fact, they mentioned that there were no more than two police officers that were involved with the shooting, but we have witnessed, and we did a subsequent investigation and found out that there were a total of at least six police officers. But were they witnesses or parties? Because for purposes of amending the complaint, you don't need the names of witnesses. That's for later down the road. No, no. They were parties. They were police officers that were involved with the actions of the police after the shooting. There are allegations that the police officers then dragged the bodies several blocks away to conceal what they had done as a crowd of outside observers were approaching and closing in on the police officers. Those allegations would have been fleshed out if we were able to go through discovery and go through an actual trial on the merits, which is essentially what we're asking for in this case, merely for this case to be able to go forward on a trial so that Ms. Liberty's story of her son's shooting by police can be told. On top of that, the principal case that we've cited in our briefs is the Wong case, the April 2015 U.S. Supreme Court case that states that equitable tolling is available in suits for the government and also addresses a number of other issues. But the reality is that the city was indeed stonewalling, cherry picked in what reports they gave to us, never truly made any real effort to discover the documents and turn that information over to counsel for Ms. Liberty. And really, it is for those reasons that we're asking for this court to reverse the district court and remand the case with instructions that it affirmatively apply equitable tolling or equitable estoppel. All right. Thank you very much. Thank you. Thanks to the city as well. We will take the case under advisement.